IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Shelli Cochran, | ) | Case No. 3:20-CV-01716 |
| | ) | |
| Plaintiff, | ) | Judge James G. Carr |
| | ) | |
| v. | ) | |
| | ) | Order |
| Menard, Inc., f/k/a, Menards, | ) | |
| | ) | |
| Defendant. | ) | |

This is personal injury suit arising from knee and back injuries plaintiff Shelli Cochran suffered when her shopping cart struck a garden hose on the ground in an aisle of the garden center at defendant's store in Defiance, Ohio.

Pending is defendant's motion for summary judgment. (Doc. 15). Defendant contends that: 1) the presence of the hose in the defendant's pathway and its attendant risk to her were open and obvious; and 2) no attendant circumstances existed to overcome the open and obvious doctrine. Plaintiff has filed a response, (Doc. 17) and the defendant has filed a reply (Doc. 18).

For the reasons that follow, I grant the defendant's motion.

**Background**

Around 11:30 a.m. on July 15, 2018, plaintiff visited a Menards store in Defiance, Ohio to buy plants. Shortly after arriving, she turned her cart onto the aisle where the hose was laying. Yellow in color, it was about halfway down the aisle. (Doc 14-1; PageID 73-75 - Plaintiff's Depo, Ex. A, ref. video footage 11:35:04-07). As she proceeded, plaintiff was looking at the

1

merchandise on the shelves. There were, she acknowledged, no other distractions that arguably might have diverted her attention.

Her cart hit the hose, but its front wheels went over it. Though plaintiff immediately felt pain in her knee, she also felt that she could walk it off. She selected the plants she wanted, made her purchase, and left the store. Before doing so, she requested assistance and was given the name of someone to contact.

She subsequently underwent medical treatment and incurred resulting bills. This suit seeks to recover for her injuries and their consequences.

The core fact – the location of the hose in plaintiff's pathway – is undisputed.

## Discussion

The pending motion raises a single issue: Was the presence of the hose and the obstruction it created to unimpeded passage down the aisle open and obvious? If so, an attentive patron should have seen it and avoided any danger it presented. In which case, defendant is entitled to summary judgment. If not, plaintiff is entitled to prevail on defendant's motion.

The controlling legal doctrines are well established in Ohio.

First, warranted for this discussion are some general principles. As a shopper, plaintiff was a business invitee. As such, the defendant owed her a duty of care to keep the premises in a reasonably safe condition, so that latent defects or hazards did not expose her to unreasonable or unnecessary risk of injury. *See, e.g., Westbrook v. Elden Props.*, No. 98CA007257, 2000 WL 354144, at *2 (9th Dist. Lorain April 5, 2000), citing, *Shump v. First Continental-Robinwood Assoc.*, 71 Ohio St.3d 414, 415-16 (1994). On the other hand, the owner is not an insurer, duty bound to indemnify every customer accidentally injured on its premises. *See Holdshoe v.*

*Whinery*, 14 Ohio St.2d 134, 135 (1968); *see also Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203 (1985).

To avoid liability, the owner must only warn its business invitees of latent or concealed dangers which it knows or has reason to know about. *Jackson v. Kings Island*, 58 Ohio St.2d 357, 358 (1979). If an owner has provided appropriate warning about a danger, the burden is on the invitee, who has a duty to take reasonable care to avoid the risks inherent in open and apparent dangers. *See, e.g., Brinkman v. Ross*, 68 Ohio St.3d 82, 84 (1993); *Sidle v. Humphrey*, 13 Ohio St.2d 45 (1968), syllabus ¶ 1. In such circumstances, the owner owes no duty of care. The invitee, alone, owes herself the duty to guard against readily apparent dangers. *Sidle* 13 Ohio St.2d at 45, syllabus ¶ 1; *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79 (2003).

The open and obvious doctrine embodies this shift in the duty of care from the owner to the patron. Namely, a patron must take heed of any dangers known to her or which are so obvious and apparent that the owner can reasonably expect the patron will be aware of them and act to avoid harm to herself. *Sidle,* 13 Ohio St.2d at 49*.* This shift in the duty of care also shifts the duty to bear the consequences of any injury that may happen. *See, e.g., Henry v. Dollar Gen. Store*, 2003-Ohio-206 (2nd App. Dist. Greene Jan. 17, 2003); *Hobart v. Newton Falls,* 2003-Ohio-5004 (11th Dist. Trumbull Sept. 19, 2003).

Under the open and obvious doctrine, the condition itself provides notice to the invitee to be careful. The owner need not do anything to give any warning to take care. *See, Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992). Whether the invitee actually saw the condition – and thus received due warning – does not matter. What matters is whether the condition was there to be seen. *See, McQueen v. King's Island*, 212-Ohio-3539 (12th Dist. Warren August 6, 2012).

On the crucial and dispositive question – could plaintiff have seen the hose had she taken due care – I conclude that the undisputed fact is that she could have. The record shows that the aisle was not narrow. There was nothing blocking her view in or along it. The hose was in her pathway halfway down the aisle.

Under these undisputed circumstances, it would not have been unreasonable for the owner – and it is not unreasonable for the law – to expect that she could, and should, have seen the garden hose before her cart bumped injuriously over it.

As the defendant argues, this case is factually similar to a colleague's decision in *Headly v. Home Depot U.S.A., Inc.,* No. 5:13-CV-1839, 2014 WL 3349592 (N.D. Ohio July 8, 2014) (Lioi, J.). That case, like this, involved a garden hose laying across an aisle in a garden center. There, the plaintiff, Joellen Headley, stepped on the hose, breaking her ankle. Like plaintiff in this case, Headley was looking at the store's merchandise. She, like plaintiff, acknowledged that the presence of a hose in a garden center was plausible.

Though technically not controlling as precedent from a higher court, I find myself in agreement with Judge Lioi's extensive discussion of the applicable legal principles in *Headley,* which are equally applicable here. Having abstracted the core doctrines already, I need not prolong this opinion by reciting her more extensive discussion of the law. Suffice to say, having reached the same conclusion as she on my own, I see no need to replicate her more scholarly treatment of the legal issues.

Finally, there were no attendant circumstances – *i.e.,* diversions, distractions, or disturbances – present that might have justified plaintiff's failure to see the hose. Nothing of that sort existed, so that nothing, as a matter of law, excuses her failure to have seen the hose. *Cf., Cummin v. Image Mart, Inc.,* 2004-Ohio-2840 (10th Dist. Franklin June 3, 2004)  ¶8, citing,

*McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494, 498 (1st Dist. 1996); and *Stockhauser v. Archdiocese of Cincinnati,* 97 Ohio App.3d 29, 33 (2nd Dist. 1994). An attendant circumstance is a factor that contributes to the incident and is beyond the injured person's control.

There was nothing, in a word, beyond plaintiff's control that contributed to the incident or played any sort of a role in her injuries. *See Backus v. Giant Eagle*, Inc., 115 Ohio App.3d 155, 158 (7th Dist. 1996).

Here, as in *Headly v. Home Depot U.S.A., Inc.,* 2014 WL 3349592 *3 (N.D. Ohio July 8, 2014)**,** plaintiff was simply looking at merchandise as she passed down the aisle. As in that case, doing so here did not constitute an attendant circumstance. *Id.* at *4-6.

## Conclusion

There are no issues of material fact to overcome summary judgment. The parties agree where the hose was and what plaintiff was doing when her cart hit it. Under applicable Ohio law, defendant is entitled to summary judgment. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Indeed, plaintiff's response does not attempt to refute the *Headley* decision or Judge' Lioi's analysis or the authorities on which she relied.

In light of the foregoing, it is hereby

ORDERED THAT defendant's motion for summary judgment (Doc. 15) be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge